IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL D. BENSON,

    Plaintiff,

v.                                       CASE NO. 18-3178-SAC

TOPEKA POLICE DEPARTMENT,
et al.,

    Defendants.

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Michael D. Benson is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is detained at the Shawnee County Jail in Topeka, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. On September 18, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 9) ("MOSC"), granting Plaintiff until October 18, 2018, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff failed to respond, and on October 23, 2018, the Court dismissed this matter without prejudice under Fed. R. Civ. P. 41(b). (Docs. 12, 13.) On May 15, 2019, the Court granted Plaintiff's motion to reopen the case, and granted Plaintiff until May 31, 2019, in which to show good cause why this action should not be dismissed due to the deficiencies set

forth in the Court's MOSC at Doc. 9. (Doc. 16.) This matter is before the Court on Plaintiff's Response (Doc. 17) to the MOSC and motion for reconsideration of the Court's denial of appointment of counsel (Doc. 18).

Plaintiff's allegations in his Complaint involve his state criminal proceedings. Plaintiff alleges that he was arrested for domestic battery without a warrant. Plaintiff alleges that during the arrest, Topeka police officers used excessive force and were inadequately trained. Plaintiff alleges that he was booked into the Shawnee County Jail on frivolous charges of aggravated battery on a LEO and possession of drug paraphernalia. Plaintiff alleges a violation of his Fourth Amendment right to be free from unreasonable search and seizures and a violation of his Fourteenth Amendment right to due process. Plaintiff names the Topeka Police Department and the Topeka City Attorney as defendants.

An online Kansas District Court Records Search indicates that Plaintiff pleaded nolo contendere to Interference with LEO, obstruct/resist/oppose misdemeanor warrant service or execution, and was placed on twelve months of supervised probation. *See State v. Benson*, Case No. 18-cr-1447 (Shawnee County District Court). Plaintiff's probation was subsequently revoked for violations of his conditions of probation. *Id*. Plaintiff's state criminal case charging him with Aggravated Domestic Battery, Attempted Aggravated Assault, Criminal Possession of Weapon by a Felon, Interference with LEO, Criminal Threat, and Use/Possess With Intent to Use Drug Paraphernalia, is still pending. *See State v. Benson*, Case No. 18-cr-1359 (Shawnee County District Court). Plaintiff pleaded guilty to several of the charges and sentencing is scheduled for July 26, 2019. *Id.*[1]

---

[1] Plaintiff has another case pending based on charges of Aggravated Domestic Battery and Domestic Battery with a pretrial hearing scheduled for June 28, 2019. *See State v. Benson*, Case No. 19-cr-524 (Shawnee County District Court).

## II. Discussion

This Court found in the MOSC that: the Court may be prohibited from hearing Plaintiff's claims relating to his state criminal case under *Younger v. Harris*, 401 U.S. 37, 45 (1971); to the extent Plaintiff challenges the validity of any sentence or conviction, his federal claim must be presented in habeas corpus; if Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*; and Plaintiff's claims against the Topeka City Attorney fail on the ground of prosecutorial immunity. Plaintiff's response to the MOSC fails to address any of these deficiencies. In addition, the Topeka Police Department is not a proper defendant, as "'police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D. N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. March 12, 1992)). The Court will give Plaintiff an opportunity to show cause why this matter should not be dismissed for failure to state a claim.

## III. Motion to Reconsider Appointment of Counsel

Plaintiff filed a motion asking the Court to reconsider his request for appointment of counsel (Doc. 18). Plaintiff alleges that he is not able to present his case, the legal issues are complex, the case will require factual investigation, Plaintiff is unable to retain counsel on his own, and the case will require expert testimony. The Court has considered Plaintiff's request and finds that reconsideration of the Court's denial of appointment of counsel is not warranted. The Court explained in its previous order that there is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil

matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court again denies Plaintiff's request for appointment of counsel. Plaintiff may renew his request if his Complaint survives screening.

**IV. Response Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein and in the Court's MOSC at Doc. 9.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **July 12, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein and in the Court's MOSC at Doc. 9.

**IT IS FURTHER ORDERED** that Plaintiff's motion asking the Court to reconsider his

4

request for appointment of counsel (Doc. 18) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 21st day of June, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**