# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MICHAEL D. BENSON,**

    **Plaintiff,**

    v.                                          CASE NO. 18-3178-SAC

**TOPEKA POLICE DEPARTMENT,**
**et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is detained at the Shawnee County Jail in Topeka, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. On September 18, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 9) ("MOSC"), granting Plaintiff until October 18, 2018, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff failed to respond, and on October 23, 2018, the Court dismissed this matter without prejudice under Fed. R. Civ. P. 41(b). (Docs. 12, 13.) On May 15, 2019, the Court granted Plaintiff's motion to reopen the case, and granted Plaintiff until May 31, 2019, in which to show good cause why this action should not be dismissed due to the deficiencies set forth in the Court's MOSC at Doc. 9. (Doc. 16.) Plaintiff filed a Response (Doc. 17) to the MOSC, and the Court entered a Memorandum and Order and Order to Show Cause (Doc. 19), granting Plaintiff until July 12, 2019, in which to show good cause why his Complaint should not be dismissed for the reasons set forth therein and in the Court's MOSC at Doc. 9. Plaintiff has failed to respond by the deadline.

Plaintiff's allegations in his Complaint involve his state criminal proceedings. Plaintiff alleges that he was arrested for domestic battery without a warrant. Plaintiff alleges that during the arrest, Topeka police officers used excessive force and were inadequately trained. Plaintiff alleges that he was booked into the Shawnee County Jail on frivolous charges of aggravated battery on a LEO and possession of drug paraphernalia. Plaintiff alleges a violation of his Fourth Amendment right to be free from unreasonable search and seizures and a violation of his Fourteenth Amendment right to due process. Plaintiff names the Topeka Police Department and the Topeka City Attorney as defendants.

An online Kansas District Court Records Search indicates that Plaintiff pleaded nolo contendere to Interference with LEO, obstruct/resist/oppose misdemeanor warrant service or execution, and was placed on twelve months of supervised probation. *See State v. Benson*, Case No. 18-cr-1447 (Shawnee County District Court). Plaintiff's probation was subsequently revoked for violations of his conditions of probation. *Id*. Plaintiff's state criminal case charging him with Aggravated Domestic Battery, Attempted Aggravated Assault, Criminal Possession of Weapon by a Felon, Interference with LEO, Criminal Threat, and Use/Possess With Intent to Use Drug Paraphernalia, is still pending. *See State v. Benson*, Case No. 18-cr-1359 (Shawnee County District Court). Plaintiff pleaded guilty to several of the charges and sentencing is scheduled for July 26, 2019. *Id*.[1]

This Court found in the MOSC that: the Court may be prohibited from hearing Plaintiff's claims relating to his state criminal case under *Younger v. Harris*, 401 U.S. 37, 45 (1971); to the extent Plaintiff challenges the validity of any sentence or conviction, his federal claim must be presented in habeas corpus; if Plaintiff has been convicted and a judgment on Plaintiff's claim in

---

[1] Plaintiff has another case pending based on charges of Aggravated Domestic Battery and Domestic Battery with a pretrial hearing scheduled for June 28, 2019. *See State v. Benson*, Case No. 19-cr-524 (Shawnee County District Court).

this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*; and Plaintiff's claims against the Topeka City Attorney fail on the ground of prosecutorial immunity. Plaintiff's response to the MOSC fails to address any of these deficiencies. In addition, the Topeka Police Department is not a proper defendant, as "'police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D. N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. March 12, 1992)).

On June 21, 2019, the Court granted Plaintiff until July 12, 2019, in which to show cause why this matter should not be dismissed for the reasons set forth in the Court's Memorandum and Order to Show Cause (Doc. 19) as well as the Court's MOSC at Doc. 9. Plaintiff has failed to respond by the deadline. The Court finds that this case should be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 16th day of July, 2019.**

                                            **s/ Sam A. Crow**
                                            **Sam A. Crow**
                                            **U.S. Senior District Judge**